

LEGAL DEPARTMENT

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET,
18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

April 23, 2014

Via Electronic Filing

John Ley, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

   **Re:** *United States v. Davis*, **No. 12-12928-EE**
      **New Authority Submission, I.O.P. 29.1**
      **(Oral Argument, Miami, April 25, 2014)**

Dear Mr. Ley,

  Undersigned *amici curiae* submit this letter pursuant to Eleventh Circuit Internal Operating Procedure 29.1 and Federal Rule of Appellate Procedure 28(j) to respond to the government's April 21, 2014, new authority submission. Oral argument in this case will take place in Miami on April 25, 2014. This Court has granted *Amici*'s motion to participate in argument.

  In its April 21, 2014, letter, the government cites *United States v. Ransfer*, __ F.3d __, No. 12-12956, 2014 WL 1408633 (11th Cir. Apr. 14, 2014), in purported support of its barely argued assertion on appeal that the good faith exception to the exclusionary rule should apply. *Ransfer*, however, is inapposite to the issues in this case.

  First, *Ransfer* is not really new authority, as it faithfully applies the reasoning already adopted by the Eleventh Circuit in *United States v. Smith*, 741 F.3d 1211 (11th Cir. 2013). *See Ransfer*, 2014 WL 1408633, at *5, *7.

  Second, and more to the point, *Ransfer* was decided under the good faith exception articulated in *United States v. Davis*, 131 S. Ct. 2419 (2011), which applies when "when the police conduct a search in objectively reasonable reliance on binding appellate precedent," *id.* at 2434. In the Eleventh Circuit, "precedent on a given point must be unequivocal before [this Court] will suspend the exclusionary rule's operation." *United States v. Davis*, 598 F.3d 1259, 1266 (11th Cir. 2010), *aff'd*, 131 S. Ct. 2419.

The government has identified no binding Eleventh Circuit precedent that unequivocally permits warrantless acquisition of historical cell site location information. In fact, at no time has the government cited *Davis* or argued that it is relevant to the issues in this case. *See* Br. of the United States 29–30.

Moreover, the binding precedent identified in *Ransfer*—*United States v. Michael*, 645 F.2d 252 (5th Cir. 1981)—has no application to the facts of this case. *Michael* held that warrantless attachment of a tracking device (a beeper) to the exterior of a vehicle does not violate the Fourth Amendment. It based that holding on (1) the diminished privacy interest in the movements of an automobile on public streets, and (2) the minimal nature of the intrusion caused by the technical trespass of attaching the device to the car. *Id.* at 257–58. Neither rationale applies in this case, which involves prolonged tracking conducted using the Defendant's own cell phone, which he carried with him both in public and in constitutionally protected spaces.

The undersigned certifies that the body of this letter does not exceed the allowable length of 350 words.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Respectfully Submitted,

By: /s/ Nathan Freed Wessler
Nathan Freed Wessler
nwessler@aclu.org
Catherine Crump
American Civil Liberties Union
 Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
Fax: 212-549-2654

Maria Kayanan
mkayanan@aclufl.org
Fla. Bar No. 305601
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd. Ste. 340
Miami, FL 33137
Tel: 786-363-2700
Fax:  786-363-3108

Benjamin James Stevenson
bstevenson@aclufl.org
Fla. Bar No. 589909

ACLU Foundation of Florida, Inc.
P.O. Box 12723
Pensacola, FL 32591-2723
Tel: 786-363-2738
Fax: 786-363-1985

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2014, the foregoing New Authority Submission was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

/s/ Nathan Freed Wessler

Nathan Freed Wessler

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION